United States District Court
For The
United States District of Louisiana

Nicholas Queen,
    Plaintiff,

vs.                                CASE NO. _____ 1:19-cv-1576 SEC P

United States,
    Defendant.

Complaint

Jurisdiction



**RECEIVED**

DEC -9 2019

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

1. This action arises under the Federal Tort Claims Act, 28 USC 1346 (b), 2671-80, As hereinafter more fully applies.

2. Jurisdiction is conferred upon this court by 28 USC 1346 (b).

3. Pursuant to 28 U.S.C. 2675 (a) the claim set forth herein was presented to the U.S. Department of Justice Federal Bureau of Prisons South Central Regional office as TRT-SCR-2019-02173 on January 20, 2019, marked received February 1, 2019.

4. All Acts herein have occurred and consented to pursuant to Rule 9 (c) of

page 1 of 5

the Federal Rules of Civil Procedure and Plaintiff has exhausted his administrative remedies. See Attached February 13, 2019, letter from Regional Counsel indicating response due July 31, 2019, and copy of Tort Claim No. TRT-SCR-2019-02173.

## Venue

5. Venue is proper in the United States District of Louisiana pursuant to 28 U.S.C. 1402 (b).

## Parties

6. Plaintiff Nicholas Queen is a citizen of the state of Maryland. Plaintiff resides at United States Penitentiary Pollock, P.O. Box 2099, Pollock LA. 71467, within the jurisdiction of this court. The alleged act or omission at issue occurred in the United States District of Louisiana.

# Facts

7. On January 3, 2019, Plaintiff, Nicholas Queen, was the victim of excessive force in violation of Federal Bureau of Prisons Policy 5566.06, prohibitation against the use of force and restraints which provides that staff shall not use force or restraints.

8. The Plaintiff, while a prisoner at USP-Pollock in Louisiana was discovered by officer J. Lyons while also in his cell asleep. Officer J. Lyons then made a call for medical emergency promoting the arrival of officer S. Coggins and two other unknown officers. Together these officers questioned Plaintiff who was now awoke as to his need for medical attention in which Plaintiff responded "No, I'm Alright." [1] However dispite Plaintiff's response the officers knowingly, willfully, and intentionally used force taking Plaintiff to medical by hitting Plaintiff in the face, pushing Plaintiff's head against the wall, dragging Plaintiff accross the floor, twisting Plaintiff's leftarm behide his back, jumping on Plaintiff's back and legs while Plaintiff lay on the ground, cholking Plaintiff's neck, kicking Plaintiff in the head and body, smashing Plaintiff's rightarm against the ground underneath his body, placing Plaintiff into restraints, pulling Plaintiff's

---

[1] A prisoner has a constitutional right to refuse medical treatment, although none was needed.

pants off his body and dragging Plaintiff to medical.

9. Plaintiff was then placed in the prison Special Housing Unit until exonorated by the prison Disciplinary Hearing Officer of assault on "officer Coggins" during this incident.

10. The use of force and restraints suffered by Plaintiff caused indefinite physical pain and injuries in Plaintiff's neck, back, arms, legs, and hip.

Scope of Employment

11. At such time and place the officers named and unknown in this complaint were employees of the United States Federal Bureau of Prisons which is an agency of the United States of America, and these officers were acting within the scope of government employment.

12. As the result of this incident Plaintiff has been unable to obtain to obtain medical attention for his injuries related to this incident. To make body movements without feeling pain in his hip, arms, neck, legs and back.

page 4 of 5

13. If the defendant were a private person, it would be liable to the Plaintiff for damages in accordance with the law of the state of Louisiana.

### Prayer for Relief

14. Wherefore, for violating the Federal Bureau of Prisons Policy 5566.06 prohibitation against the use of force, the law of the state of Louisiana, and for causing Plaintiff to suffer physical pain and injuries, Plaintiff demands judgment against the defendant in the sum of:

Three million United States of America dollars;

And the cost of these judicial proceedings.

dated: 12/4/19

Respectfully submitted,

Nicholas Queen

Nicholas Queen
#29623-037
USP-Pollock
P.O. Box 2099
Pollock, LA. 71467

See Attachment Tort Claim

page 5 of 5