b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NICHOLAS QUEEN, Plaintiff | CIVIL DOCKET NO. 1:19-CV-01576 |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are: (1) the Government's Motion to Dismiss (ECF No. 42); (2) Plaintiff Nicholas Queen's ("Queen's") Third Motion for Default Judgment (ECF No. 45); (3) Queen's Motion to Deny and Oppose Government's Motion to Dismiss (ECF No. 46); and (4) Queen's Motion for Summary Judgment (ECF No. 48).

Because the United States of America cannot be sued under *Bivens,* Queen's *Bivens* claim against the United States of America should be DISMISSED. Queen's *Bivens* claims against Lyons, Coggins, and "Unknown Defendants" should be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for failure to effect service.

Because the Government does not have immunity from Queen's FTCA assault claim, the Government's Motion to Dismiss (ECF No. 42) should be DENIED, and Queen's "Motion to Deny and Oppose Government's Motion to Dismiss" (ECF No. 46) should be DENIED AS MOOT. Queen's Third Motion for

Default Judgment against the United States (ECF No. 45) should also be DENIED. Because Queen's proposed amendment is neither prejudicial to Defendant nor futile, Queen's Motion to Amend (ECF No. 34) should be GRANTED.

Because Queens failed to properly support his Motion for Summary Judgment (ECF No. 48) with appropriate summary judgment evidence, his Motion should be DENIED.

I. **Background**

Queen filed a complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. ECF No. 9. The named Defendants are the United States of America, J. Lyons and S. Coggins (both correctional officers employed at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock")) and "Unknown Defendants/Correctional Officers" employed at USP-Pollock. ECF No. 9. Queen is currently residing in Baltimore, Maryland. ECF No. 51.

Queen alleges that, on January 3, 2019, while he was incarcerated in USP-Pollock, Lyons, Coggins, and two unknown officers questioned Queen as to whether he needed medical attention,[1] then used "excessive force" against him (hitting him, pushing him, dragging him, and jumping on him) when they forced him to go to the infirmary. Queen contends that, as a result, his lower back, right hip, right arm,

---

[1] Queen was sitting in a chair in his cell. Queen did not appear to be entirely conscious and was mumbling to himself.

shoulders, and right leg are "in constant pain." ECF No. 9-1 at p. 10. Queen seeks monetary compensation.

Queen attached his Administrative Tort Claim to his Complaint. ECF No. 9-1. In response to a Memorandum Order (ECF No. 11), Queen showed full exhaustion of his administrative remedies under the FTCA. ECF No. 18. However, Queen appeared to have abandoned his *Bivens* claim because he failed to state, as specifically directed by the Court (ECF No. 11), whether he was also pursuing an excessive force claim under *Bivens*. ECF No. 18. Instead, Queen focused solely on his FTCA claim.[2] ECF No. 18. The Court noted that Queen failed to clarify whether he was pursuing a *Bivens* claim for excessive force, and ordered service for the FTCA claim only. ECF No. 19 at p. 2. In his later Motion for Summary Judgment, Queen stated that he was not pursuing a *Bivens* claim. ECF No. 48 at 1 n. 2.

Queen next filed a Motion to Amend/Correct Complaint, to allege a few additional facts as to the use of force against him by Coggins and two unknown, unnamed officers. ECF No. 34. Queen did not include Defendant Lyons in that Motion.

The United States filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. ECF No. 42. Queen opposes that

---

[2] Queen's original complaint alleged jurisdiction pursuant to 28 USC § 2675 (the FTCA). ECF No. 1. However, Queen was forwarded a § 1983 complaint form by the Clerk of Court and ordered to fill it out. Therefore, to the extent that Queen appears to allege constitutional claims pursuant to § 1983, it is plain that is due to a misconstruction of his complaint by the Clerk of Court.

3

Motion in a brief entitled "Motion to Deny and Oppose Government's Motion to Dismiss."[3] ECF No. 46.

Queen also filed a "Third Motion for Default Judgment" against the United States (ECF No. 45), and a Motion for Summary Judgment (ECF No. 48). Those Motions are unopposed.

## II. Law and Analysis

### A. Queen's Motion for Default Judgment against the United States should be denied.

Queen filed a Third Motion for Default Judgment against the United States. ECF No. 45. The Government has not opposed that motion. As stated in prior orders (ECF Nos. 29, 31), the United States was granted extensions of time to respond (ECF Nos. 27, 37). Moreover, the United States filed a responsive pleading (a Motion to Dismiss (ECF No. 42)) before Queen filed his Third Motion for Default Judgment. Therefore, Queen is not entitled to a default judgment.[4] *See* Fed. R. Civ. P. 55(a), (d). Queen's Third Motion for Default Judgment against the United States (ECF No. 45) should be denied.

### B. Queen's *Bivens* complaint should be dismissed.

Under *Bivens*, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. *Bivens*-type actions may be brought only against federal agents and not federal agencies. *See F.D.I.C.*

---

[3] Because it is actually a brief in response to Defendant's Motion, rather than a motion, Queen's "Motion to Deny and Oppose Government's Motion to Dismiss" (ECF No. 46) will be denied as moot.

[4] It is also noted that Queen did not file any evidence to support his request for a default judgment against the United States, as required by Rule 55(d).

*v. Meyer*, 510 U.S. 471, 486 (1994); *Whitley v. Hunt*, 158 F.3d 882 885 (5th Cir. 1998). Under *Bivens*, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. *See Channer v. Hall*, 112 F.3d 214, 216 (5th Cir. 1997).

An inmate may not bring a *Bivens* action against the United States, the Bureau of Prisons, or its officers in their official capacities, as such claims are barred by the doctrine of sovereign immunity. *See Gibson v. Federal Bureau of Prisons*, 121 Fed. Appx. 549, 551 (5th Cir. 2004) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)) (the real party in interest in an official-capacity suit is the governmental entity and not the named officials); *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001). Therefore, Queen's *Bivens* complaint against the United States should be dismissed.

The individual Defendants are proper defendants in the *Bivens* action. However, despite being asked twice, Queen failed to notify the Court that he intended to pursue a *Bivens* claim against the individual officers. ECF Nos. 11, 18. In his Motion for Summary Judgment (ECF No. 48), Queen specifically stated he was not pursuing a *Bivens* claim. Summonses for service on any of the individual Defendants were not prepared, and no attempt was ever made to effect service. ECF Nos. 19, 20. Accordingly, the *Bivens* complaint against Lyons, Coggins, and "Unknown Defendants" should be dismissed without prejudice under Fed. R. Civ. P. 4(m) for failure to effect service. *See McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191 (1994); *Systems Signs Supplies v. U.S. Dept. of*

*Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Kersh v. Derosier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

### C. Defendant's Motion to Dismiss Queen's FTCA claim should be denied.

The United States moves to dismiss Queen's FTCA claim because it is based on a claim the Lyons, Coggins, and two unnamed officers used excessive force to take Queen to the infirmary against his will. The Government claims it has not waived sovereign immunity for constitutional claims, such as an Eighth Amendment claim for use of excessive force.

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016), cert. den., 137 S. Ct. 489 (U.S. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *See Hebert v. United States*, 438 F.3d 483, 487 (5th Cir.2006). Sovereign immunity is

jurisdictional in nature. *See U.S. v. Mitchell*, 463 U.S. 206, 212 (1983). Such immunity protects the United States from liability, and deprives the court of subject-matter jurisdiction over claims against the United States. *See Hebert*, 438 F.3d at 487-488 (citing *Mitchell*, 463 U.S. at 212). Thus, before a court proceeds on a case against the United States, it must first decide whether one of the government's several waivers of sovereign immunity applies. *See Truman v. U.S.*, 26 F.3d 592, 594 (5th Cir. 1994).

The FTCA permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable." *Chapman v. United States*, 353 Fed. Appx. 911, 912 (5th Cir. 2009) (citing *Quijano v. United States,* 325 F.3d 564, 567 (5th Cir.2003)); *see also Fujita v. United States*, 416 Fed. Appx. 400, 401 n. 1 (5th Cir. 2011) (citing 28 U.S.C. § 1346(b)).[5] In FTCA cases, the federal courts rely on the substantive law of the state where the alleged wrongful acts occurred. *See Chapman*, 353 Fed. Appx. at 912 (citing 28 U.S.C. § 1346(b)(1); *Johnson v. Sawyer,* 47 F.3d 716, 727 (5th Cir. 1995)). Here, because the alleged excessive force occurred in Louisiana, the law of Louisiana applies.

There are exceptions to the waiver of sovereign immunity in the FTCA. *See* 28 U.S.C. § 2680(a)-(n). The exceptions to the to the FTCA's waiver of sovereign

---

[5] The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. 28 U.S.C.A. § 2674.

immunity that appear in § 2680 limit a federal court's jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government. One of the exceptions to the FTCA's general consent-to-be-sued policy retains the government's sovereign immunity for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. §2680(h); *Campos v. United States,* 888 F.3d 724, 736 (5th Cir. 2018), cert. den., 139 S. Ct. 1317 (U.S. 2019). To determine whether a claim is one arising out of any of these enumerated torts, the court focuses on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim arising out of any one of the torts listed in Section 2680(h), then the federal courts have no jurisdiction to hear that claim. *See Truman*, 26 F.3d at 594.

The liability of the United States under the FTCA, however, is subject to various exceptions contained in 28 U.S.C. § 2680, including the "discretionary function" exception. *See United States v. Gaubert*, 499 U.S. 315, 322 (1991). The discretionary function exception withdraws the FTCA's waiver of sovereign immunity in situations in which, although a government employee's actions may have been actionable under state tort law, those actions were required by, or were within the discretion committed to, that employee under federal statute, regulation, or policy:

> The provisions of this chapter and section 1346(b) of this title shall not apply to [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based

8

> upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The Supreme Court has developed a two-part test for determining whether agency conduct qualifies as a discretionary function or duty. *See Gaubert*, 499 U.S. at 322–23. Under the first prong, the conduct must be a "matter of choice for the acting employee." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "The exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" *Gaubert*, 499 U.S. at 322 (quoting *Berkovitz*, 486 U.S. at 536). Thus, "'it is the nature of the conduct, rather than the status of the actor' that governs whether the exception applies." *Id.* (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*), 467 U.S. 797, 813 (1984)). If a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary. *See id.* at 329.

The requirement of judgment or choice is not satisfied and the discretionary function exception does not apply, however, "if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" *Gaubert*, 499 U.S. at 322 (quoting *Berkovitz*, 486 U.S. at 536). In other words, the discretionary function exception does not apply if the challenged actions in fact violated a federal statute, regulation, or policy. *See id.* at 324 ("If the employee violates [a] mandatory

9

regulation, there will be no shelter from liability because there is no room for choice and the action will be contrary to policy."); *Berkovitz*, 486 U.S. at 547 ("[I]f the [agency]'s policy did not allow the official who took the challenged action to [act] on the basis of policy considerations[,] the discretionary function exception does not bar the claim."). As the circuits have concluded, the reason for this rule is obvious—a federal employee cannot be operating within his discretion if he is in fact violating a nondiscretionary policy. Our circuit court has explained:

> Just because the discretionary function exception would generally shield the government from FTCA liability otherwise arising from [a] policy decision, it does not follow that the government is automatically shielded from such liability when the acts of the particular agents seeking to implement that policy violate another federal law, regulation, or express policy. Actions taken to carry out a discretionary policy must be taken with sufficient caution to ensure that, at a minimum, some other federal law is not violated in the process.

*Johnson v. Sawyer*, 980 F.2d 1490, 1503 (5th Cir. 1992), *vacated on other grounds*, 47 F.3d 716 (5th Cir. 1995).

Queen alleges the BOP employees violated a written BOP policy and several institutional rules regulating the use of force against inmates. The Court notes further that 28 C.F.R. § 522.20 prohibits the use of force by BOP staff except as a "last alternative," and also places some restrictions on the use of restraints on inmates.[6] The Government has not contradicted or in any way opposed Queen's

---

[6] 28 C.F.R. § 522.20:

> The Bureau of Prisons authorizes staff to use force only as a last alternative after all other reasonable efforts to resolve a situation have failed. When authorized, staff must use only that amount of force necessary to gain control of the inmate, to protect and ensure the safety of inmates, staff, and others,

factual allegations. Therefore, under the facts alleged by Queen, the discretionary function exception is inapplicable in this case.

The discretionary function tort exception to the waiver of sovereign immunity is limited by the "law enforcement proviso," which "relinquishe[s] sovereign immunity against claims arising out of these enumerated torts [assault, battery, false imprisonment, false arrest, malicious prosecution, or abuse of process] if the claim resulted from the act or omission of an investigative or law enforcement officer of the United States." *Sutton v. U.S.*, 819 F.2d 1289, 1294 (5th Cir. 1987); *see also Davila v. United States*, 713 F.3d 248, 256 (5th Cir. 2013). The waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest. *See Millbrook v. United States*, 569 U.S. 50 (2013); *Campos*, 888 F.3d at 737. BOP employees are

---

to prevent serious property damage and to ensure institution security and good order. Staff are authorized to apply physical restraints necessary to gain control of an inmate who appears to be dangerous because the inmate:

    (a) Assaults another individual;

    (b) Destroys government property;

    (c) Attempts suicide;

    (d) Inflicts injury upon self; or

    (e) Becomes violent or displays signs of imminent violence.

This rule on application of restraints does not restrict the use of restraints in situations requiring precautionary restraints, particularly in the movement or transfer of inmates (e.g., the use of handcuffs in moving inmates to and from a cell in detention, escorting an inmate to a Special Housing Unit pending investigation, etc.).

considered law enforcement officers for purposes of Section 2680(h). *See James v. Mason*, 2013 WL 5592417, *4 (W.D. La. 2013) (citing *Chapa v. U.S. Dept. of Justice*, 339 F.3d 388, 390 (5th Cir. 2003)).

Therefore, the discretionary function exception is also inapplicable because the law enforcement proviso applies to this case.

The Government contends Queen's complaint should be dismissed because he alleges a "constitutional claim" against the United States–a claim for use of excessive force pursuant to the Eighth Amendment. The Government argues that constitutional claims, such as an Eighth Amendment excessive force claim, are outside the scope of the FTCA. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989), cert. den., 493 U.S. 1083 (1990) ("A constitutional claim does not arise under the Act and is barred by sovereign immunity.").

However, although Queen uses the terms "force" and "excessive force" interchangeably in his original and amended FTCA complaints (ECF Nos. 1, 9), he does not refer to the Eighth Amendment. In his proposed Amended Complaint (ECF No. 34), Queen describes an assault committed by BOP officers, without any use of the terms "assault," "force," or "excessive force."[7] Queen contends the BOP staff hit him in the face, pushed his head against a wall, dragged him across the floor, twisted his left arm behind his back, jumped on his back and legs, choked his neck, kicked him in the head and body, smashed his right arm against the ground

---

[7] Instead, Queen alleges violation of a BOP Policy and institutional rules which limit the use of force and restraints by BOP staff.

underneath his body, placed him in restraints, pulled his pants off, and dragged him to medical.

Queen's description of an assault, which is excepted from sovereign immunity under the FTCA, is given effect, rather than his untutored use of the legal term "excessive force." Briefs by *pro se* litigants are afforded liberal construction and held to less stringent standards than formal pleadings drafted by lawyers. *See Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Government's argument that Queen's complaint should be dismissed because it alleges an Eighth Amendment claim for excessive force fails to afford Queen's complaint the liberal construction required by the Supreme Court. Because Queen does not refer to the Eighth Amendment, construction of his complaint as an assault pursuant to the FTCA (which he does cite) is more reasonable than construing it as an Eighth Amendment constitutional claim.

Therefore, Queen's complaint is construed as alleging an assault, rather than an Eighth Amendment claim for excessive force. As set forth at length above, the United States has waived sovereign immunity for a claim of an assault by a federal officer. Accordingly, the Government's Motion to Dismiss (ECF No. 42) Queen's FTCA claim should be DENIED.

### D. Queen's Motion to Amend should be granted.

Queen moves to amend his complaint to allege additional facts, as to the use of force against him by the individual officers, to support his FTCA claim. ECF No. 34. The Government has not opposed Queen's Motion to Amend.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court.[8] *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.*, 621 F. 2d 117, 122 (5th Cir. 1980)). In deciding whether to grant leave to file an amended pleading, the court may consider factors including: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *see also Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.*, 661 F. 2d 1022, 1024 (5th Cir. 1981)).

Queen's proposed amendment is brief, adding only a few allegations of fact as to the event complained of in his original complaint. The amendment does not change the nature of Queen's claims. There does not appear to be, nor has the

---

[8] Generally, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served....". *Aguilar v. Texas Department of Criminal Justice*, 160 F. 3d 1052, 1053 (5th Cir. 1998)(citing Fed. R. Civ. P. 15(a)). However, in this case, there is already a Report and Recommendation to dismiss Abshire's original complaint. Allowing Abshire to amend his complaint to add entirely new parties and claims would be prejudicial to the defendants and inefficient.

Government alleged, any undue delay, dilatory motive, or prejudice to the Government arising from the Amendment. Nor, as discussed above, is the amendment futile. Therefore, Queen's Motion to Amend (ECF No. 34) should be granted.

### E. Queen's Motion for Summary Judgment should be denied.

Queen filed a Motion for Summary Judgment, unsupported by any summary judgment evidence. ECF No. 48. Queen's Motion is unopposed.

Unsupported allegations are insufficient to either support or defeat a motion for summary judgment. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), op. revised in other part, 70 F.3d 26 (5th Cir. 1995) (citing *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Nectoux v. Pennzoil Co.*, 31 Fed. Appx. 160, at *2 (5th Cir. 2001); *Newkirk v. Keyes Offshore, Inc.*, 782 F.2d 499, 502 (5th Cir. 1986)).

Since Queen has not carried his initial burden of identifying those portions of the record which he believes demonstrate the absence of a genuine issue of material fact, Queen is not entitled to a summary judgment in his favor. Queen's Motion for Summary Judgment should be denied.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Queen's *Bivens* complaint against the United States of America be DISMISSED.

IT IS RECOMMENDED that the *Bivens* complaint against Lyons, Coggins, and "Unknown Defendants" be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for failure to effect service.

IT IS RECOMMENDED that Defendant's Motion to Dismiss (ECF No. 42) be DENIED.

IT IS RECOMMENDED that Queen's "Motion to Deny and Oppose Government's Motion to Dismiss" (ECF No. 46) be DENIED AS MOOT.

IT IS RECOMMENDED that Queen's Motion to Amend (ECF No. 34) be GRANTED.

IT IS RECOMMENDED that Queen's Motion for Default Judgment against the United States (ECF No. 45) be DENIED.

IT IS RECOMMENDED that Queen's Motion for Summary Judgment (ECF No. 48) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Friday, February 5, 2021.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge